UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WATTS,

                Petitioner,

v.                                                                                     Case No. 26-cv-0178-bhl

GREEN BAY CORRECTIONAL INSTITUTION,

                Respondent.

## SCREENING ORDER

        On January 8, 2026, Petitioner Jerome Watts, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). *Watts v. Stevens*, No. 26-cv-0040-BHL, ECF Nos. 1 & 2. On January 28, 2026, the Court granted Watts's IFP motion but dismissed the petition without prejudice for failure to exhaust state remedies. *Id.*, ECF No. 6. Less than a week later, on February 2, 2026, Watts filed a new habeas petition, along with another IFP motion, alleging that he is being denied his seizure medication and seeking both monetary damages and injunctive relief. (ECF No. 1 & 2.)

        Watts maintains, under penalty of perjury, that he has no assets, and the Court will again grant his request to proceed IFP. But the Court will also again dismiss his petition because, based on his allegations, he seeks relief that is not available on habeas corpus. Habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. A habeas petition pursuant to Section 2254 is appropriate when the petitioner maintains that he is in custody in violation of the Constitution. §2254(a). Watts does not maintain that he is in custody in violation of the Constitution; he alleges violations of his constitutional rights during his imprisonment. This type of claim must be brought as a civil action under 42 U.S.C. §1983. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990) (explaining the nature of a Section 1983 action). Moreover, the filing fee for a Section 1983 action is different than the fee for filing a habeas petition. *See* 28 U.S.C. §1914(a). And Watts's claims in a civil action are subject to the Prison Litigation Reform Act (PLRA), which does not apply to petitions for habeas

corpus. *See Jones v. Bock*, 549 U.S. 199, 212 (2007) ("[C]laims covered by the PLRA are typically brought under [Section 1983]."); *see also Walker v. O'Brien*, 216 F.3d 626, 639 (7th Cir. 2000) ("[T]he requirements of the PLRA do not apply to properly characterized habeas corpus actions.").

Accordingly, the Court will deny Watts's habeas petition. If he wishes to proceed with a claim under Section 1983, he may refile his case using the district's prisoner complaint form. The Court will direct the Clerk of Court to include with this Order the "Guide to Filing Prisoner Complaints Without a Lawyer in The United States District Court for the Eastern District of Wisconsin."

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. §2253(c)(2), Watts must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurist could debate whether Watts's claim is a properly characterized petition for habeas corpus. As a consequence, the Court will decline to issue a certificate of appealability here.

Accordingly,

**IT IS HEREBY ORDERED** that Watts's petition for habeas corpus, ECF No. 1, is **DENIED** and the case is **DISMISSED**. A certificate of appealability is **DENIED**. The Clerk of Court is directed to enter judgment. The Clerk is further directed to attach to this Order the "Guide to Filing Prisoner Complaints Without a Lawyer in The United States District Court for the Eastern District of Wisconsin."

**IT IS FURTHER ORDERED** that Watts's motion to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on February 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge